**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| EDGAR SEGUNDO MONTALVO JARRIN, | ) | |
| Petitioner, | ) | |
| | ) | |
| | ) | |
| v. | ) | Civil A. No. 3:26-1089 |
| | ) | Judge Nora Barry Fischer |
| TODD BLANCHE, et al., | ) | |
| | ) | |
| Respondents. | ) | |

**<u>MEMORANDUM ORDER</u>**

Presently before the Court are Edgar Segundo Montalvo Jarrin's Petition for Writ of Habeas Corpus, (Docket No. 1), and the Response to Petition for Writ of Habeas Corpus filed by Respondents, (Docket No. 17). Petitioner, a 46-year-old native of Ecuador, is currently detained at Moshannon Valley Processing Center. (Docket Nos. 1; 9). He entered the United States illegally in 2023, was arrested by immigration agents but released in the country without being paroled. (*Id*. at ¶¶ 2, 17, 18). He lives at a fixed residence in New Jersey, has no criminal history, has complied with the conditions of his immigration release, and works in maintenance at a condominium. (*Id*. at ¶¶ 2, 17, 21, 23).

Petitioner was arrested by ICE agents on June 7, 2026 in New Jersey near his workplace. (Docket No. 1 at ¶ 23). He asserts that other individuals in his household have been arrested and detained for immigration violations but were ordered released by the District Court in New Jersey. (*Id*. at ¶ 4). Petitioner initially pursued claims of asylum, withholding of removal and protection under the Convention Against Torture and was later placed in removal proceedings, with a hearing before an IJ scheduled for July 23, 2026. (*Id*. at ¶ 20). He has been detained without a bond hearing since his arrest on June 7, 2026.

Petitioner asserts that he is subject to discretionary detention pursuant to 8 U.S.C. § 1226(a) and not mandatory detention under § 1225(b)(2) and, therefore, is entitled to a bond hearing. (Docket No. 1).  In opposition, Respondents contend that this is a *Q. Li.* case whereby Petitioner entered the United States without inspection, was arrested and released near the border and was later arrested in the interior of the United States.  (Docket No. 17 at 5-6).  Respondents admit that Petitioner is being held in mandatory detention pursuant to § 1225(b)(2) and has not been afforded a bond hearing.  (*Id*.).  Despite acknowledging the prior decisions of Judges on this Court, the Government reaffirms its position that mandatory detention applies and advocates that the Court should follow the decisions from the Courts of Appeals[1] for the Fifth and Eighth Circuits.  (Docket No. 17).

After careful consideration of the parties' positions, the lack of binding authority from the U.S. Court of Appeals for the Third Circuit and this Court having held that individuals like Petitioner who are arrested and detained in the interior of the United States are not subject to mandatory detention under § 1225(b)(2) and affirmatively joined the Courts of Appeals[2] for the Second, Sixth, and Eleventh Circuits, and the vast majority of district courts,[3] for the reasons set forth in this Court's recent decision of *F.B. v. LEONARD ODDO, et al.*, Civ. A. No. 3:26-CV-717, 2026 WL 1265352, at *2 (W.D. Pa. May 8, 2026) (Fischer, S.J.), the Court now holds that Petitioner's detention is governed by § 1226(a) and he has a statutory right to an individualized

---

[1]    *See Avila v. Bondi*, 2026 WL 819258 (8th Cir. 2026); *see also Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026).

[2]    *See e.g., Hernandez Alvarez v. Warden, Fed. Detention Center, Miami*, 2026 WL 1243395 (11th Cir. May 6, 2026); *Cunha v. Freden*, 2026 WL 1146044 (2d Cir. Apr. 28, 2026); *Lopez-Campos, et al. v. Kevin Raycraft, Immigr. & Customs Enf't, Acting Dir. of Detroit Field Off., Enf't & Removal Operations, et al.*, Appeal No. 25-1965, 2026 WL 1283891, at *11 (6th Cir. May 11, 2026); *see also Castañon-Nava v. U.S. Dep't of Homeland Sec. ("Castañon-Nava I")*, 161 F.4th 1048 (7th Cir. 2025); *Castañon-Nava v. U.S. Dep't of Homeland Sec. ("Castañon-Nava II")*, 2026 WL 1223250 (7th Cir. May 5, 2026).

[3]    *See e.g., Cifuentes Alvarez v. Noem*, 2026 WL 545382 (W.D. Pa. Feb. 26, 2026) (Ranjan, J.); *Calzado Diaz v. Noem*, 2025 WL 3628480 (W.D. Pa. Dec. 15, 2025) (Haines, J.).

- 3 -

bond hearing. Hence, the Court will order Respondents to conduct a bond hearing pursuant to the directives below.

AND NOW, this 17th day of June, 2026,

IT IS HEREBY ORDERED that Petitioner's Petition for Writ of Habeas Corpus [1] is GRANTED, IN PART and DENIED, IN PART. Said Petition is granted to the extent that Petitioner seeks an individualized bond hearing;

IT IS FURTHER ORDERED that within ten (10) days of this Order, Petitioner must receive an individualized bond hearing before a neutral immigration judge pursuant to 8 U.S.C. § 1226;

IT IS FURTHER ORDERED that within seven (7) days thereafter, Respondents shall provide notice to the Court of the outcome of the bond hearing;

IT IS FURTHER ORDERED that the Petition is DENIED, without prejudice, to the extent he requests additional relief beyond an individualized bond hearing; and,

An appropriate Judgment follows.

BY THE COURT:

*s/Nora Barry Fischer*
Nora Barry Fischer, Senior U.S. District Judge

cc/ecf: counsel of record