**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| EDGAR SEGUNDO MONTALVO JARRIN,<br>Petitioner,<br><br>v.<br><br>TODD BLANCHE, et al.,<br><br>Respondents. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civil A. No. 3:26-1089<br>Judge Nora Barry Fischer |

**ORDER OF COURT**

AND NOW, this 18th day of September, 2026, upon consideration of Petitioner Edgar Segundo Montalvo Jarrin's Motion to Reopen Case and Enforce Judgment, (Docket No. 22), wherein Petitioner argues that he was not afforded a Constitutionally adequate individualized bond hearing, points to the summary order utilized by the IJ in denying bond and further contends that his counsel, who also represented him at the bond hearing and has access to a digital recording of that proceeding, "cannot fully evaluate" whether the hearing satisfied due process without a transcript of the hearing, (*id*. at 5), the Response in opposition filed by Respondents, (Docket No. 24), advocating that Petitioner's arguments are best resolved on appeal to the Board of Immigration Appeals and that he has otherwise failed to show that the bond hearing was Constitutionally inadequate, Petitioner's Reply Brief, (Docket No. 26), wherein he states that an appeal of the order denying bond was submitted to the Board of Immigration Appeals that remains pending, and faults Respondents for not producing the transcript of the hearing or the audio recording or pointing to factfinding by the IJ in their Response, and the prevailing standards setting forth the limited nature of this Court's review of bond decisions because federal courts "lack jurisdiction to review any discretionary determinations underlying the IJ's bond decision," and

may only "review whether the bond hearing was fundamentally fair[,]" *Ghanem v. Warden Essex Cnty. Corr. Facility*, No. 21-1908, 2022 WL 574624, at *2 (3d Cir. Feb. 25, 2022),

IT IS HEREBY ORDERED that Petitioner's Motion [22] is DENIED. In this Court's estimation, Petitioner has not established that the bond hearing before the IJ was fundamentally unfair as he points to the summary nature of the order but has not presented the transcript or audio recording of the bond hearing for the Court's review. *See e.g., Santoyo v. Oddo*, Civ. A. No. 3:26-cv-1036, Doc. No. 16 (W.D. Pa. Jul. 31, 2026) (Bissoon, C.J.) (denying motion to enforce without prejudice and holding that "the Court cannot meaningfully review the underlying bond proceedings for fundamental fairness on the record as it stands, particularly given that a recording or a written transcript of the hearing was not provided."); *Stanikzai v. McShane*, 3:26-cv-00417, Doc. No. 17 (W.D. Pa. Mar. 23, 2026) (Wiegand, J.) (denying motion to enforce without prejudice where petitioner failed to provide a recording or transcript of the hearing, leaving the court unable to determine whether the hearing was fundamentally fair).

Petitioner's counsel also admits that he represented Petitioner at the hearing and has access to the recording of the proceeding but has neither proffered facts as to what occurred at the hearing nor argued that that there were procedural deficiencies at the hearing such that he was precluded from presenting evidence. (Docket No. 22-6). To the contrary, Petitioner's counsel admits that he submitted a brief and evidence prior to the hearing, DHS relied upon the I-213 report of arrest and information contained therein, and the challenged order by the IJ states that the denial of bond was made "[a]fter full consideration of the evidence presented." (Docket No. 22-2; see also Docket Nos. 22-4; 22-5). Among other things, Petitioner's brief submitted to the IJ argues that his convictions for driving on an expired license and use of a handheld device were "minor" infractions that allegedly do not bear on his dangerousness and that the notation on the I-213 report

referencing an EARM database flag for "possible known suspected terrorist" was "unsubstantiated" and contradicted by other parts of the same report. (Docket No. 22-4 at 5). Of course, it was up to the IJ to weigh the evidence presented (including the evidence in favor of Petitioner that is not summarized here) and determine the credibility of same in the first instance. The Board of Immigration Appeals has jurisdiction to review the IJ's decision, as opposed to this Court. *See Rodriguez v. Bondi*, No. 3:26-CV-285, 2026 WL 1378874, at *2 (W.D. Pa. May 18, 2026) (citing *Ghanem*, 2022 WL 574624, at *2)) ("A motion to enforce a judgment is not the proper avenue to relitigate the merits of a bond order."). Hence, Petitioner's Motion [22] is DENIED.

*s/Nora Barry Fischer*
Nora Barry Fischer
Senior U.S. District Judge

cc/ecf: All counsel of record.